UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,          CIVIL ACTION NO.:

    Plaintiff,                      HONORABLE:

vs.

ROBERT LEE JOYNER, A.K.A. ROBERT L. JOYNER, III,
A.K.A. ROBERT L. JOYNER,

    Defendant.

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 636 W. Hollywood, Highland Park, MI 48203.

### The Debt

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---:|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,736.77 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $5,083.47 |
| C. | Administrative Fee, Costs, Penalties | $0.00 |
| D. | Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| | Total Owed | **$7,820.24** |

The Certificate of Indebtedness, which is attached to Plaintiff's Complaint, shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, United States of America prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

SHERMETA, ADAMS & VON ALLMEN, P.C.

Dated: March 30, 2011          By:   s/ Deborah A. Winslow
                                     Deborah A. Winslow (P63179)
                                     Attorneys for Plaintiff
                                     P.O. Box 80883
                                     Rochester, Michigan 48308
                                     Telephone No.: (248) 519-1700
                                     Facsimile No.: (248) 519-1701
                                     dwinslow@shermeta.com

2011A04736

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Robert Lee Joyner
aka: Robert L. Joyner III, Robert L. Joyner

Highland Park, MI
Account No. XXXXX1106

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/01/10.

On or about 08/19/85, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from First Bank (N.A.), Milwaukee, WI. This loan was disbursed for $2,500.00 on 11/18/85, at 8.00 percent interest per annum. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/19/87, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,736.77 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/24/93, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,736.77 |
| Interest: | $4,957.50 |
| Total debt as of 09/01/10: | $7,694.27 |

Interest accrues on the principal shown here at the rate of $0.60 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/27/10

Loan Analyst
Litigation Support